UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR. NO. 23-258 (ECT/JFD)

| | |
|---|---|
| United States of America, | |
| Plaintiff, | **MOTION TO REVOKE DETENTION ORDER** |
| v. | |
| Michael Steven Spar, | |
| Defendant. | |

Defendant Michael Steven Spar respectfully moves the Court under 18 U.S.C. § 3145(b) for an order revoking the detention order in this case. (ECF 9; *see also* Order Denying Reconsideration, ECF 25.)

Mr. Spar was charged by complaint with possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(B). The government moved for Mr. Spar's detention and that motion was granted after a contested hearing. (*See* Order Regarding Probable Cause and Detention, ECF Doc. No. 9, at 4.) Mr. Spar moved to reopen the detention hearing to present additional evidence regarding his admission to substance abuse treatment and his retention of private counsel. (*See* ECF Doc. No. 17.) After a hearing, that motion was denied. (*See* ECF Doc. No. 25.)

Mr. Spar now moves for revocation of the detention order. Under 18 U.S.C. § 3145(b), where a defendant has been ordered detained by a magistrate judge, that defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."

## THE PRESUMPTION OF DETENTION HAS BEEN REBUTTED.

There is a rebuttable presumption of detention in this case arising under 18 U.S.C. § 3142(e)(2). The presumption is a limited one and is intended to be easily rebutted. "In a presumption case such as this, a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citation omitted). Although the presumption does not disappear upon being rebutted, it becomes merely one factor to consider. *See id.*

The original detention order made no findings regarding whether that presumption had been rebutted, and the order denying Mr. Spar's reconsideration motion found that Mr. Spar's "acceptance into drug treatment is not a fact that sufficiently rebuts the presumption[.]" (ECF Doc. No. 25 at 2.) But Mr. Spar, in addition to his acceptance to treatment, also pointed to his 34-year residence in Minnesota and the close relationship he has with his three

2

daughters, all of whom live in Minnesota. (*See* Bail Report at 1; Motion for Reconsideration of Detention, ECF 17, at 6.) He also pointed out his steady work in Minnesota over several years. (*See id.*)

Again, though, the presumption is not a matter of persuasion, but of production. The defendant produced evidence that he had been accepted into drug treatment, and as he argued, treatment would reduce any risk of non-appearance as well as any risk to public safety. The order raised no questions about the credibility of Mr. Spar's issues with addiction or his admission into treatment, and so he met his burden of production on both factors. That is all that is necessary to rebut the presumption, and so it was erroneous to conclude that the presumption had not been rebutted.

### THERE ARE CONDITIONS THAT WILL REASONABLY ASSURE MR. SPAR'S APPEARANCE AND THE SAFETY OF THE COMMUNITY.

"A defendant may be detained before trial only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions will *reasonably assure* the defendant's appearance." *Abad*, 350 F.3d at 797 (cleaned up). Even in a presumption case, it is not Mr. Spar's to prove that he is not a flight risk and not

3

a danger to the community. That burden of persuasion remains always with the government.

The order denying reconsideration found that the government had met its burden of establishing by clear and convincing evidence that no condition or combination of conditions could reasonably assure the safety of the community. (*See* ECF 25 at 4.) The order made no finding that the government had met its burden to establish a flight risk.

The order denying reconsideration starts its examination of the detention factors by discussing the weight of the evidence, noting that "the weight of the evidence against the defendant is strong." (ECF Doc. No. 25 at 2–3.) But the factors set forth in § 3142(g), such as the weight of the evidence, are not free-floating considerations. The weight of the evidence is only relevant to the extent it bears on considerations of public safety.

Many of the facts noted by the order denying reconsideration are not particularized to Mr. Spar but rather are so general that they would apply to any defendant charged with drug distribution. (*See* ECF Doc. No. 25 at 3 ("Drug distribution itself is a fact that shows the person is a danger to the community.").) If Congress had intended with the Bail Reform Act that everyone

4

charged with an § 841(b)(1)(A) offense should be detained pending trial, it could have done so. It did not.

Frankly, given that the government can be selective about its prosecutions and leave obviously weaker drug crimes to the state to deal with, one would expect the weight of the evidence to at least appear strong. Especially so before the defense has even been given access to discovery materials, let alone a meaningful opportunity to test that evidence. Again, if Congress had intended all alleged drug traffickers to be detained, it could have done so, but it did not.

"In our society, liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). This presumption of release is encapsulated in the Bail Reform Act, 18 U.S.C. § 3142. The statute states that the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances. Even if the Court determines under § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further condition[s]" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225, at 7 (1983), *as reprinted in*

5

1984 U.S.C.C.A.N. 3182, 3189); *see also United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

Both the detention order and the order denying reconsideration placed great weight on incidents where Mr. Spar allegedly fled from law enforcement, including one allegation that he drove at 128 miles per hour. (*See* ECF 9 at 3; ECF 25 at 3.) Either way, Mr. Spar has a lengthy history of substance abuse that stands out clearly in his criminal record, with two felony DWIs and multiple convictions for drug possession. Mr. Spar's entry into inpatient drug treatment, with appropriate conditions while there and halfway house time to follow, will mitigate concerns about erratic behavior that have arisen from his substance abuse.

The government's burden is high, because it must prove by clear and convincing evidence that Mr. Spar poses such a serious danger to the community that no combination of conditions could reasonably assure—not guarantee, but reasonably assure—the safety of the community. Mr. Spar has one 2007 conviction for misdemeanor domestic assault, but no other crimes of violence on his record. The government in this case has alleged drug trafficking, but no violence. The detention order describes Mr. Spar as a "member of the Hell's

6

Angels," and it says that "members" of that group "have committed numerous acts of violence." (ECF 9 at 2.) But Mr. Spar himself has not been associated with any acts of that group's alleged violence, or even association with specific members who are themselves alleged to be violent. As Mr. Spar noted above, his entry into a drug treatment program under appropriate conditions will help keep him from erratic behavior. Otherwise, Mr. Spar's criminal history and the allegations in this offense do not suggest any specific danger to the community presented by Mr. Spar's release.

There are conditions that can be established to reasonably assure the safety of the community. The facts relied on to order Mr. Spar's detention do not meet the burden of proving the necessity of detention. Releasing Mr. Spar from custody and allowing him to attend treatment under conditions will meet the goals of protecting public safety and ensuring that Mr. Spar reappears for future court hearings while respecting the presumption of innocence he carries with him throughout the proceedings. Mr. Spar respectfully asks the Court to revoke the detention order in this case and release him from custody on the following conditions:

1. Submit to GPS monitoring;

2. Attend and complete an in-patient substance use treatment program, follow

all recommendations for after-care and step-down programming;

3. Maintain employment if appropriate in conjunction with treatment programming; and

4. Any other conditions the Court deems appropriate.

                                                Respectfully submitted,

Dated: October 6, 2023                      */s/ John S. Hughes*
                                                Minnesota Attorney #185966
                                                331 Second Avenue South #705
                                                Minneapolis, MN 55401
                                                (612) 664-0520

                                                */s/ Steven J. Wright*
                                                Minnesota Attorney #387336
                                                331 Second Avenue South #705
                                                Minneapolis, MN 55401
                                                (612) 669-8280

                                                Attorneys for Defendant