UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 23-cr-258 (ECT/JFD) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Michael Steven Spar, | |
| Defendant. | |

---

Defendant Michael Steven Spar, who is currently detained and indicted on one count of conspiracy to distribute a controlled substance and two counts of possession with intent to distribute, filed a motion to reopen and modify his detention. ECF Nos. 17, 25. After a hearing, Magistrate Judge Elizabeth Cowan Wright denied Spar's motion and ordered that he remain detained pending trial. ECF Nos. 21, 25. Spar now moves to revoke his detention order, ECF No. 32, and the Government has filed an opposition, ECF No. 38. The detention order will be reviewed de novo, *see United States v. Goree*, No. 19-cr-266(1) (NEB/KMM), 2020 WL 490995, at *3 (D. Minn. Jan. 30, 2020), and for the reasons that follow, Spar's motion will be denied.

I

Spar was charged by complaint with possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). ECF No. 1. At his initial appearance, the Government moved for detention, and Spar was ordered temporarily detained. ECF Nos. 4, 5. After a preliminary

detention hearing, Magistrate Judge Dulce J. Foster granted the Government's motion for detention, and Spar was detained pending trial. ECF Nos. 8, 9. At that time, Spar "reserve[d] the right to . . . move the Court to reopen the issue of detention" at a later time. ECF No. 9 at 3. A grand jury then indicted Spar on one count of conspiracy to distribute a controlled substance, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and two counts of possession with intent to distribute a controlled substance, *see* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). ECF No. 11. Spar subsequently filed a motion to reopen the detention hearing and reconsider detention, ECF No. 17, which the Government opposed, ECF No. 18.

After a hearing, Magistrate Judge Wright denied Spar's motion to reconsider his detention and ordered his continued detention pending trial. *See* ECF Nos. 21, 25. Magistrate Judge Wright concluded that Spar had met his burden to reopen detention pursuant to 18 U.S.C. § 3142(f)(2) based on his acceptance into drug treatment, a previously unknown fact that has a material bearing on the issue of detention, but that "[Spar's] acceptance into drug treatment is not a fact that sufficiently rebuts the presumption" that "no condition or combination of conditions will reasonably ensure his appearance in court and the safety of the community." *See* ECF No. 25 at 2 (citing 18 U.S.C. § 3142(e)(3)(A)). Specifically, Magistrate Judge Wright relied on the nature and circumstances of the charged drug-distribution offenses, the "strong" weight of evidence against Spar, his criminal history and recent Minnesota felonies involving drug possession, and his history of fleeing the police at high speeds in his vehicle. ECF No. 25 at 2–3. Magistrate Judge Wright concluded that "by clear and convincing evidence . . . no

2

condition or combination of conditions of release [would] reasonably assure the safety of the community" if Spar were released pending trial. *Id*. at 4.

In the present motion to revoke his detention order, Spar challenges the conclusion that he did not rebut the presumption of detention under Section 3142(e)(3)(A), and further argues that his acceptance into drug treatment "would reduce any risk of non-appearance as well as any risk to public safety." ECF No. 32 at 3. Spar emphasizes that he is not alleged to have committed acts of violence either in the charged offenses or in his past convictions. *Id*. at 6. Though Spar does not dispute that he is a "member of the Hell's Angels" and that its members "have committed numerous acts of violence," Spar argues that he has not been associated with any of the group's alleged violence or with any allegedly violent Hell's Angels members. *Id*. at 6–7; *see* ECF No. 9 at 2. Spar argues that "entry into a drug treatment program under appropriate conditions will help keep him from erratic behavior," and that additional conditions to his release will reasonably assure the safety of the community and his appearance at future court hearings, such as GPS monitoring, requiring his attendance in the treatment program, and requiring him to maintain appropriate employment. *Id*. at 7–8.

II

Under 18 U.S.C. § 3142, a court may only order a defendant detained pending trial if the court finds that no release condition or set of conditions will reasonably assure: (1) the defendant's appearance in court and (2) the safety of the community. *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (citing 18 U.S.C. § 3142(c), (e), and (f), and *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)). Different evidentiary standards

apply to these findings.  The Government need only show by a preponderance of the evidence that no conditions will reasonably ensure the defendant's appearance at future proceedings, but it must show by clear and convincing evidence that no conditions will reasonably assure the safety of the community.  *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).  The statute provides a list of factors to consider when deciding whether the Government has met these burdens: "(1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual."  *Id.*; *see* 18 U.S.C. § 3142(g).

If there is probable cause to believe that Spar committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act (21 U.S.C. § 801, et seq.)," the court must presume "that no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community . . . ."  18 U.S.C. § 3142(e)(3)(A); *see United States v. Lazzaro*, 21-cr-0173(1) (PJS/DTS), 2021 WL 5083978, at *1 (D. Minn. Nov. 2, 2021).  The defendant "bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *Abad*, 350 F.3d at 797 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). "But a defendant who meets his burden of production does not entirely dispel the presumption; the presumption 'remains a factor to be considered among those weighed by the district court.'" *Lazzaro*, 2021 WL 5083978, at *1 (quoting *Abad*, 350 F.3d at 797).

4

There is no dispute that the presumption applies here. *See* ECF No. 32 at 2. Spar argues that Magistrate Judge Wright erred in concluding that the presumption was not rebutted by evidence of Spar's acceptance into drug treatment, his "34-year residence in Minnesota," the "close relationship he has with his three daughters" in Minnesota, and his "steady work in Minnesota over several years." ECF No. 32 at 2–3; *see also* ECF No. 17 at 3–6.

In her initial detention order, Magistrate Judge Foster properly concluded that the Government had met its burden to show, by a preponderance of the evidence, that Spar is a flight risk. ECF No. 9. The nature of the allegations against Spar alone are cause for concern, but even more concerning is Spar's prior disrespect for the law and his attempts to avoid accountability. As Magistrate Judge Foster explained, "Spar has previously violated probationary conditions on numerous occasions, and twice failed to appear for legal proceedings." *Id.* at 3. And Spar does not dispute that he fled from the police in his vehicle on three occasions—in September 2021, June 2023, and July 2023. *See id.* at 2; *see also* ECF No. 25 at 3. This includes an incident in June 2023, when he fled from law enforcement at speeds of 128 miles per hour after an attempted traffic stop. ECF No. 4 at 8; *see also* ECF No. 9 at 3; ECF No. 25 at 3. Spar also does not dispute that in another high-speed car chase in September 2021, officers found a firearm inside of his vehicle. ECF No. 25 at 3. Under these circumstances, the Government has demonstrated by a preponderance of the evidence that no set of conditions will reasonably assure Spar's appearance at future proceedings.

The Government has also shown that no set of conditions will reasonably assure the safety of the community. The nature and circumstances of the charged drug-distribution

offenses demonstrate that Spar poses a danger to the community. As Magistrate Judge Wright properly concluded, the weight of the evidence against Spar is strong. ECF No. 25 at 3. In addition, Spar has a lengthy criminal history, and Spar's alleged drug distributions occurred not long after he served sentences for two felony-level drug-possession convictions in Minnesota. *See* ECF No. 25 at 3; *see also* ECF No. 4. And as discussed above, Spar has twice engaged in high-speed flight from authorities; in one of these instances, a firearm was found in Spar's vehicle. ECF No. 25 at 3. Under these circumstances, no conditions of release would reasonably assure the safety of the community.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Michael Steven Spar's Motion to Revoke Detention Order [ECF No. 32] is **DENIED**.

2. Spar shall be **DETAINED** pending trial under 18 U.S.C. § 3142(e).

3. Spar is committed to the custody of the Attorney General.

4. Spar shall be afforded reasonable opportunity to consult privately with counsel.

5. The Attorney General shall deliver the defendant to the United States Marshal for the purpose of appearance in connection with further court proceedings.

      6.      Spar's request for a hearing [ECF No. 40] is **DENIED**.[1]

Dated: November 7, 2023                  s/ Eric C. Tostrud
                                                              Eric C. Tostrud
                                                              United States District Court

---

[1]      Spar's hearing request will be denied because the record was fully developed through prior hearings, and Spar has identified no additional information that might be introduced at a hearing that might warrant reaching a different result.