UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-258 (ECT/JFD)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL STEVEN SPAR,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant MICHAEL STEVEN SPAR (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count One of the Indictment. Count One charges the defendant with Conspiracy to Distribute 500 grams or more of a mixture and substance containing methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The government agrees not to charge the defendant with any other known drug trafficking conduct as of the date of the plea. The defendant fully understands the nature and elements of the crimes with which he has been charged.

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count One of the Indictment. In pleading guilty, the defendant admits the

1

following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines: Between on or about April 2021 until on or about August 3, 2021, the defendant conspired to distribute 500 grams or more of a mixture and substance containing methamphetamine, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A). On July 14 2021, the defendant sold approximately one pound of methamphetamine to a buyer in Blaine, Minnesota. During the sale, the defendant collected $5,500 from the buyer. On August 3, 2021, the defendant delivered another pound of methamphetamine to a buyer at another location in Blaine, Minnesota. For this transaction, the defendant collected $5,200 from the buyer. Approximately one month later (September 6, 2021), the defendant fled the police in his vehicle. After the vehicle chase, the police found a Smith & Wesson .40 caliber handgun and a box of 5.56 millimeter ammunition inside the defendant's vehicle. As for relevant conduct, the defendant stipulates and agrees that he conspired to distribute 1.5 – 5 kilograms of methamphetamine mixture. The defendant stipulates and agrees that he conspired and reached an agreement with other persons to distribute controlled substances; that he intended to aid other members of the conspiracy by distributing controlled substances and collecting cash proceeds; that he acted knowingly and voluntarily when he joined the agreement to distribute controlled substances; and that he knew his actions violated the law. The defendant stipulates that he acted voluntarily when he possessed the drugs, and that he knew his actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences.** The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The defendant understands that Count One of the Indictment is a felony offense that carries the following statutory penalties:

   a. a mandatory minimum of 10 years' years in prison;

   b. a maximum of life in prison;

   c. a supervised release term of at least 5 years;

   d. a maximum fine of $10,000,000; and

   e. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7. **Revocation of Supervised Release.** The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the

appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

    a.    Base Offense Level. The parties agree that pursuant to U.S.S.G. §2D1.1, the base offense level for the violation noted in Count One of the Indictment is **32** (1.5 kilograms but less than 5 kilograms of methamphetamine mixture) or **34** (500 grams to 1.5 kilograms of actual methamphetamine).

    b.    Specific Offense Characteristics. The government believes that the Base Offense Level should be **increased by 2 levels**, pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a dangerous weapon, namely a firearm. The defense does not agree, and reserves the right to contest this enhancement.

    c.    Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

    d.    Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an **additional 1-level reduction** pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

    e.    Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into **Criminal History Category V**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by

the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

    f.    <u>Guidelines Range</u>. The Guidelines Range may be as low as **188-235 months, with a mandatory minimum of 120 months** (Adjusted Offense Level 29: Base offense level 32, no increase for possession of a dangerous weapon, and 3-level decrease for acceptance of responsibility) or as high as **210-262 months, with a mandatory minimum of 120 months** (Adjusted Offense Level 33: Base offense level 34, 2-level increase for possession of a dangerous weapon, and 3-level reduction for acceptance of responsibility).

    g.    <u>Fine Range</u>. The Sentencing Guidelines fine range is $30,000 to $10,000,000. U.S.S.G. § 5E1.2(c)(4).

    h.    <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least 5 years. U.S.S.G. § 5D1.2(c); 21 U.S.C. § 841(b)(1)(A).

9.    **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The government agrees to recommend a sentence of no more than 168 months' imprisonment. However, the government may recommend a sentence above 168 months if the defendant acts in a manner inconsistent with acceptance of responsibility before the time of sentencing. The defense reserves the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and the government reserves the right to oppose any such motions made by the defense. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of Count 1 of the Indictment, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violations. This specifically includes all of the cash, guns, and ammunition referenced in Paragraph 2 of this plea agreement.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline

or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the forfeiture of the above-described property, he withdraws any such challenges.

13. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 168 months' imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Both parties further acknowledge and agree that in the event that of a retroactively applicable change in the law enacted by Congress, decided by the Supreme Court, and/or adopted by the United States Sentencing Commission, nothing in this plea agreement will preclude the defendant from pursuing any applicable remedy to modify his sentence.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

14. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 12/21/2023

BY: BRADLEY M. ENDICOTT
Assistant United States Attorney

Date: 12-21-23

MICHAEL STEVEN SPAR
Defendant

Date: 12/21/2023

JOHN S. HUGHES
Counsel for Defendant

9